GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
By:     JACOB M. BERGMAN
         Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2776
Fax No. (212) 637-2686

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
| UNITED STATES OF AMERICA, | : | |
| :--- | :--- | :--- |
| | : | **COMPLAINT** |
| Plaintiff, | : | |
| | : | |
| v | : | 19 Civ. 1148 |
| | : | |
| NOEL CUELLO, ARISMENDY CUELLO, and JONATHAN ORBE, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------ x

Plaintiff the United States of America (the "United States") alleges as follows:

1.      The United States brings this action to seek a permanent injunction against three tax preparers – Noel Cuello, Arismendy Cuello, and Jonathan Orbe ("Orbe" and collectively with Noel and Arismendy Cuello, the "Defendants") – who, as they have admitted in plea allocutions, participated in a massive tax fraud scheme that resulted in the filing of thousands of false and fraudulent tax returns between 2009 and 2014. Specifically, pursuant to sections 7402, 7407, and 7408 of the Internal Revenue Code, 26 U.S.C. §§ 7402, 7407, 7408, the United States seeks the entry of an injunction against each defendant to bar him permanently from preparing federal tax returns, amended returns, or other related documents for others, engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695 or 6701, and engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**Jurisdiction and Venue**

2. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, this action has been commenced at the direction of a delegate of the Attorney General of the United States based on a request by a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 26 U.S.C. § 7402(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the actions giving rise to this suit took place in this District, and pursuant to 26 U.S.C. § 7408(a) because Defendants have engaged in specified conduct, which the United States is seeking to enjoin, in this District.

**Defendants' Participation in Their Tax Fraud Scheme**

5. From 2009 through at least 2014, Noel Cuello operated a tax preparation business with multiple locations the Bronx. Arismendy Cuello joined this business in 2010, and Orbe joined in 2012. The Defendants' tax preparation business operated under numerous names and corporate entities, including, but not limited to: N&L Income Tax, N&L Enterprise Income Tax Service, N and L Enterprise, N & L Enterprise Inc., N&L Enterprise, N L Enterprise, N and L Enterprise Corp., NL Serve Corp, L & N Service Corp., L&N Service Corp, LN Services Corp, L N Service Corp, LN Services, LN Services Corporation, and Harlequin Inc. (collectively "N&L"). At N&L, each of the Defendants prepared federal tax returns for customers in exchange for fees.

6. Beginning on or about their respective start dates at N&L and continuing until 2014, the Defendants each participated in a tax fraud scheme that earned them hundreds of thousands of dollars in fees while defrauding the public of millions of dollars in tax revenue by filing thousands of false or fraudulent tax returns.

2

7. In furtherance of their tax fraud scheme, Defendants engaged in numerous deceptive practices. One such practice involved bribing a New York City employee in order to obtain the personal information of children. Defendants then used this information to falsely claim those children as dependents for their customers in order to wrongly obtain Earned Income Tax Credit ("EITC") payments.

8. At their respective plea hearings, Defendants admitted that they participated in the above described EITC scheme while fully aware that their actions were illegal and would cause the Internal Revenue Service ("IRS") to pay money to their customers to which the customers were not entitled.

9. In addition to the EITC scheme, Defendants also engaged in a number of other illegal tax practices. These schemes included: Noel Cuello preparing and filing fraudulent tax returns using the identities of individuals without their consent or knowledge and then, together with his co-conspirators, stealing and cashing the refund checks resulting from these false returns; and Noel and Arismendy Cuello preparing and filing tax returns for customers which fraudulently claimed education tax credits.

10. Further, Defendants either avoided or understated their personal tax liabilities for the duration of the scheme. For all tax years during their involvement in the scheme, each defendant either failed to file his own tax return or significantly understated his income on the tax returns he filed. Moreover, Arismendy Cuello and Orbe each falsely claimed dependents on their own tax returns in order to fraudulently obtain EITC.

11. Defendants continued their tax fraud scheme even after the IRS began investigating their practices. For example, after law enforcement searched two N&L locations during the 2012 tax filing season, a new business, operating under the names "Orbe Multiservice" or "Ricart Multiservice," opened in the same location as one N&L branch. Noel

Cuello exercised effective control of the "new" business, and Arismendy Cuello and Orbe continued to prepare fraudulent tax returns for customers using the same EITC scheme. However, to avoid detection by the IRS, Orbe Multiservice used the Electronic Filer Identification Number ("EFIN") and Preparer Tax Identification Number ("PTIN") of another individual to file the fraudulent returns.

12. Even after law enforcement searched the premises of Orbe Multiservice in 2013, the tax scheme persisted. By early 2014, Orbe had incorporated another new business, Jay's Multiservices, and continued to prepare fraudulent returns for customers under a new EFIN and PTIN. At Jay's Multiservices, Orbe prepared tax returns for some of the same clients for whom he had prepared fraudulent returns while at N&L and Orbe Multiservice. One hundred percent of the returns prepared by Jay's Multiservices claimed a refund, and 93% claimed the same tax credit, the EITC, on which the scheme had principally relied on for years.

### Defendants' Criminal Convictions

13. In 2015, Defendants were each indicted in this District based on their participation in the tax fraud scheme described in paragraphs 5 through 12.

14. In September 2015, Noel Cuello pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and was subsequently sentenced to a 108-month term of imprisonment.

15. In September 2015, Arismendy Cuello and Orbe each pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and two counts of filing a false tax return in violation of 26 U.S.C. § 7206(1). Arismendy Cuello was sentenced to a 36-month term of imprisonment, and Orbe was sentenced to a 60-month term of imprisonment

16. Each defendant was also sentenced to three years of supervised release upon completion of their respective prison terms. The conditions of their supervised release prohibit

them each from owning, operating, or being employed in any business involved in income tax preparation or from processing income tax refunds. However, at the conclusion of the Defendants' respective terms of supervised release, they will not be subject to any court-imposed limitation prohibiting them from working as a tax preparer.

### Count I - Injunction under 26 U.S.C. § 7407

17. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–16 above.

18. Section 7407 of the Internal Revenue Code, 26 U.S.C. § 7407, authorizes the Court to enjoin a tax return preparer if: (1) it finds that he has engaged in conduct subject to penalty under 26 U.S.C. § 6694 or § 6695 or conduct that substantially interfered with the proper administration of the internal revenue laws, and (2) injunctive relief is appropriate to prevent the recurrence of the conduct.

19. As set forth above, Defendants all worked as income tax return preparers within the meaning of 26 U.S.C. § 7701(a)(36).

20. Section 6694(b) imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of tax liability.

21. As tax return preparers, Defendants continually and repeatedly engaged in conduct – namely, participating in tax fraud schemes – that was subject to penalty under 26 U.S.C. § 6694(b) by preparing federal income tax returns that they knew contained false and/or fraudulent information and credits.

22. In furtherance of their tax fraud scheme, Defendants continually and repeatedly prepared federal income tax returns knowing that the returns would result in understatements of

tax liability, as defined in 26 U.S.C. § 6694, by falsifying dependents and overstating the amount creditable under the EITC.

23. Section 6695(g) imposes penalties on a tax return preparer who fails to comply with the due diligence requirements imposed by the Secretary of the Treasury with respect to determining the eligibility of a taxpayer for the EITC.

24. As tax return preparers, Defendants continually and repeatedly engaged in conduct – namely, participating in the tax fraud scheme – that was subject to penalty under 26 U.S.C. § 6695(b) by failing to comply with due diligence requirements imposed by the Secretary of the Treasury with respect to determining the eligibility of taxpayers for the EITC.

25. In furtherance of their tax fraud scheme, Defendants continually and repeatedly prepared federal income tax returns knowing that the returns misrepresented the taxpayers' eligibility for the EITC.

26. Further, they continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interfered with the proper administration of the internal revenue laws.

27. Injunctive relief is necessary and appropriate to prevent the recurrence of misconduct by Defendants because, absent an injunction, they are likely to continue preparing and filing false federal tax returns. As alleged above, *see supra* ¶¶ 11 and 12, Defendants continued to orchestrate their tax fraud scheme in 2013 and 2014, despite being aware of a pending IRS investigation into their business.

28. In the absence of an injunction, the United States will be put at risk of paying tax refunds to taxpayers who are not entitled to such refunds due to Defendants' preparation of tax returns for those taxpayers that do not report and/or pay the correct amounts of federal taxes owed. If this were to occur, the IRS would have to devote substantial time and resources to

identifying and locating Defendants' customers, and then examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

29. Pursuant to 26 U.S.C. § 7407, the Court should permanently enjoin Defendants from preparing or filing federal tax returns for others, from engaging in conduct subject to penalty under 26 U.S.C. § 6694 and 6695, and from engaging in conduct that substantially interferes with the proper administration of the internal revenue laws.

### Count II - Injunction Under 26 U.S.C. § 7408

30. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–16 above.

31. Section 7408 of the Internal Revenue Code, 26 U.S.C. § 7408, authorizes the Court to enjoin any person from engaging in conduct that is subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to prevent the recurrence of that conduct. Section 6701, in turn, penalizes any person who aids or assists in the preparation of any portion of a federal tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it would result in an understatement of another person's tax liability.

32. As set forth above, Defendants continually and repeatedly engaged in conduct that was subject to penalty under 26 U.S.C. § 6701 by preparing federal income tax returns for others knowing that the returns improperly claimed tax credits and thereby illegally understated their customers' federal tax liabilities.

33. Their conduct is subject to penalty under 26 U.S.C. § 6701. But penalties alone did not, and will not, deter them from reverting to such conduct. Unless enjoined, Defendants are likely to continue to prepare tax returns that they know or should know will result in the understatement of tax liability.

34. In the absence of an injunction, the United States will be put at risk of paying tax refunds to taxpayers who are not entitled to such refunds due to Defendants' preparation of tax returns for those taxpayers that do not report and/or pay the correct amounts of federal taxes owed. If this were to occur, the IRS would have to devote substantial time and resources to identifying and locating Defendants' customers, and then examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

35. Pursuant to 26 U.S.C. § 7408, the Court should permanently enjoin Defendants from engaging in conduct subject to penalty under 26 U.S.C. § 6701 and from preparing federal tax returns for others.

## Count III - Injunction under 26 U.S.C. § 7402

36. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–16 above.

37. Section 7402 of the Internal Revenue Code, 26 U.S.C. § 7402, authorizes the Court to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," and further provides that such injunctive relief is "in addition to and not exclusive of any and all other penalties." *Id*. § 7402(a).

38. As set forth above, Defendants continually and repeatedly engaged in conduct that substantially interfered with the administration and enforcement of the internal revenue laws. Further, unless enjoined from preparing tax returns for others, they are likely to engage in such conduct in the future.

39. In light of their involvement in the tax fraud schemes described herein and other fraudulent and deceptive conduct, the United States will be exposed to the risk of irreparable injury if Defendants are not barred from preparing tax returns for others.

40. Specifically, the United States will be put at risk of paying tax refunds to taxpayers who are not entitled to such refunds due to Defendants' preparation of those tax returns for taxpayers that do not report and/or pay the correct amounts of federal taxes owed. If this were to occur, the IRS would have to devote substantial time and resources to identifying and locating Defendants' customers, and then examining their tax returns. Pursuing all of Defendants' individual customers may be impossible given the IRS's limited resources.

41. Enjoining Defendants from preparing tax returns for others is in the public interest because an injunction will prevent the recurrence of illegal conduct and the harm such conduct will cause to the United States and the public.

42. The Court should therefore order injunctive relief under 26 U.S.C. § 7402(a).

### **Prayer for Relief**

WHEREFORE, the United States prays that the Court enter an order that:

a. Finds that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701 and that injunctive relief pursuant to 26 U.S.C. §§ 7407 and 7408 is appropriate to prevent recurrence of such illegal conduct;

b. Finds that Defendants engaged in fraudulent or deceptive conduct which substantially interfered with the proper administration of the Internal Revenue laws, and that injunctive relief pursuant to 26 U.S.C. § 7407 is appropriate for this additional reason.

c. Finds that Defendants repeatedly engaged in conduct that interfered with the enforcement of the internal revenue laws and that injunctive relief against them is appropriate to prevent recurrence of such conduct pursuant to 26 U.S.C. § 7402(a) and the Court's inherent authority;

d. Enjoins Defendants, directly or indirectly, from:

1. Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person other than himself;

2. Representing any person before the IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

3. Employing any person who prepares or files, or assists in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person;

4. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number or an Electronic Filing Identification Number;

5. Having an ownership interest in an entity that is in the business of (i) preparing federal tax returns or other federal tax documents or forms for other persons or representing any person before the IRS, or (ii) advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

6. Engaging in any conduct that violates 26 U.S.C. §§ 6694 or 6695; and

7. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

e. Enjoins, pursuant to 26 U.S.C. § 7407, Noel Cuello, Arismendy Cuello, and Orbe from engaging in any conduct subject to a penalty under 26 U.S.C. §§ 6694 or 6695 or that substantially interferes with the proper administration of the internal revenue laws;

f. Enjoins, pursuant to 26 U.S.C. § 7408, Defendants from engaging in any conduct that is subject to a penalty under 26 U.S.C. § 6701;

  g. Authorizes the United States to take such steps as necessary, including but not limited to post-judgment discovery, to monitor and ensure compliance with the Court's injunction against Defendants; and

  h. Retains jurisdiction over Defendants and over this action to enforce any injunction entered against them.

    i.      Grants such further relief as the Court deems appropriate.

Date:  New York, New York
         February 6, 2019

                            GOEFFREY S. BERMAN
                            United States Attorney

                    By: */s/ Jacob M. Bergman*
                            JACOB M. BERGMAN
                            Assistant United States Attorney
                            86 Chambers Street, 3rd Floor
                            New York, New York 10007
                            Tel. No. (212) 637-2776
                            Fax No. (212) 637-2686
                            E-mail: jacob.bergman@usdoj.gov